UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
UNITED STATES,

                  Plaintiff,

        - against -

PIRATHEEPAN NADARAJAH,

                  Defendant.
----------------------------------------------------------------- x
----------------------------------------------------------------- x
UNITED STATES,

                  Plaintiff,

        - against -

SURESH SRISKANDARAJAH,

                    Defendant.
----------------------------------------------------------------- x

**MEMORANDUM & ORDER**

06 CR 615 (RJD)

06 CR 616 (RJD)

DEARIE, District Judge.

After considerable thought, and with some reluctance, I have concluded that permanent orders of detention must issue for both defendants.

A review of standard bail factors does not invite favorable consideration, and the charges trigger adverse presumptions of flight and danger. The seriousness of the charges cannot be overstated. And the available penalties, including a 25-year mandatory minimum for defendant Piratheepan "Peter" Nadarajah, provide an undeniable incentive to flee. Given the Court's overall familiarity with the surrounding investigations, it seems quite likely that the proof against the defendants is more than ample.

But the defendants present a novel and somewhat appealing application bolstered by many supportive letters, significant U.S. property, and a stated willingness to remain within the United States under prescribed conditions and demanding reporting requirements. Both defendants emphasize that they were admitted to bail by the Canadian courts throughout the six-year legal challenge to the United State government's extradition requests. The defendants also agree to provide voluntary waivers of extradition as part of their bail packages. Defendant Suresh Sriskandarajah presses an additional point: he tenders a letter from the government of Sri Lanka addressed to the U.S. State Department, urging U.S. authorities to abandon Suresh's prosecution in light of his publicly recognized efforts to secure a lasting, peaceful reconciliation for the Tamil people. Given the history of Sri Lanka's prolonged and bitter conflict, the request is indeed an extraordinary initiative that evidences Suresh's legitimate and admirable work to secure a lasting and just resolution of the tragic conflict.

The question for this Court is whether this unusual assortment of suggested conditions and considerations overcomes the presumption of flight and otherwise satisfies the Court that each defendant will comply with conditions of release. As always, the Court strives toward this conclusion with full appreciation of the hardships of confinement and the added challenges that confinement presents to the defense. Regrettably, I am led to the view that pretrial detention is required in this case.

The request of the Sri Lankan government is, of course, noteworthy and may speak to other issues in the case; but it is hardly relevant on the issue of the defendant Suresh's release. The American authorities have apparently concluded that the laudable goals of reconciliation do not justify dismissal of the charges against him.

Relevant to the questions before the Court is the fact of the defendants' release by the Canadian court during the six-year extradition challenge. However, with that battle lost, circumstances have changed. Defendants must now face the charges and the specter of conviction and significant sanctions, a situation that the defendants fought for so long to avoid. The defendants' release during the Canadian proceedings does not <u>now</u> speak convincingly in their favor in the court they sought to avoid.

Similarly, at first blush the defendants' willingness to waive extradition in any future proceeding in a foreign court appears to provide some measure of security. But the government's submission of January 22, 2013 demonstrates that such a waiver would not likely be enforceable in a Canadian court. Indeed, it is appropriate to question whether a waiver would fare differently in any other foreign tribunal, with or without a supposed extradition request, if, after six years of effort, the U.S. released the defendants before a resolution of the charges.

On a more practical level, Pretrial Services advises that the ability to monitor the defendants in Canada would be limited to GPS, and Pretrial would lack the ability to address technical problems that often arise. And the defendants' willingness, in the alternative, to arrange housing in the United States during the pendency of the case does not, given other considerations, insure the defendants' presence for trial. Likewise, the U.S.-situated security may well provide a strong incentive to comply with the conditions of release, but it may not; the question remains whether any incentive to comply is strong enough, alone or in combination, to overcome the presumption of flight and insure compliance. Regrettably, I think not.

3

For the reasons stated above, defendants' application for bail is denied, and the Court directs entry of permanent orders of detention.

SO ORDERED.

Dated: Brooklyn, New York
February 27, 2013

/s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge